# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | Case No. 4:03cr5 |
| | § | (Judge Brown) |
| BILLY WAYNE HAMPTON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's Supervised Release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 11, 2005 to determine whether Defendant violated his Supervised Release. Defendant was represented by Denise Benson. The Government was represented by Randy Blake.

On September 8, 2000, Defendant was sentenced by the Honorable Sidney A. Fitzwater after he pleaded guilty to the offense of Conspiracy to Defraud the Government by Obtaining False Claims Through Income Tax Returns. Defendant was sentenced to twenty-seven (27) months imprisonment followed by a 3 year term of Supervised Release and ordered to pay restitution of $45,411.17. On April 26, 2002, Defendant completed his period of imprisonment and began his Supervised Release term. Jurisdiction of this case was transferred to the Eastern District of Texas on December 27, 2002. On April 16, 2003, Defendant's Supervised Release was revoked and Defendant was sentenced to 10 months imprisonment followed by a 26 month term of Supervised Release. Plaintiff began serving his second term of Supervised Release on May 3, 2004.

On July 8, 2005, the Probation Officer filed a Petition for Warrant for Offender Under Supervision. The petition asserted that Defendant violated the following conditions: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall notify the probation office within 72 hours of being arrested or questioned by a law enforcement officer; (3) Defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month; (4) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (5) Defendant shall provide the probation officer with access to any requested financial information; (6) Defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as Defendant is released from the program by the probation officer; and (7) Defendant shall pay $44,417.49 in restitution.

The Government alleges that Defendant violated the terms of his Supervised Release as follows: (1) Defendant was arrested on May 1, 2005 for Driving While License Suspended and entered a plea of nolo contendere on May 17, 2005; (2) Defendant failed to notify the probation officer of his arrest within 72 hours; (3) Defendant failed to report to his probation officer as instructed on October 4, 2004 and May 2, 2005; (4) Defendant failed to attend New Offender Orientation on July 27 and September 28, 2004 as instructed; (5) Defendant falsely told U.S. Probation Officer Linda Werner that his brother resided in Texas and owned the Lexus Defendant was driving when arrested; (6) Defendant failed to submit his tax return to the U.S. Probation Office by April 18, 2005 as instructed; (7) Defendant failed to participate

in drug treatment as directed on January 15, January 29, February 5, February 19, and March 19, 2005; (8) Defendant failed to submit urine specimens for testing as directed on May 12 and June 2, 2005; and (9) Defendant failed to pay monthly scheduled payments of $150.00 and is currently $300.00 delinquent in scheduled payments.

Defendant entered a plea of true to the first, third, fourth, and sixth above listed violations. U.S. Probation Officer Linda Werner testified for the Government at the hearing. She stated that Defendant failed to report his arrest within 72 hours, but reported it shortly thereafter. She further testified that Defendant represented to her that his brother lived in Texas and owned the Lexus he was driving when arrested, but that his brother did not have a phone. However, Ms. Werner later discovered that Defendant's brother resided in California, claimed no ownership in the Lexus, and had a phone. She stated that Defendant failed to submit urine specimens as instructed and that Defendant, despite his representations to the contrary, is currently $150.00 delinquent in his restitution.

On cross examination, Ms. Werner admitted that Defendant eventually attended his New Offender Orientation, made up his missed probation meetings, and submitted his tax returns. Defendant rarely missed scheduled meetings or drug testing, and only missed two tests after the location was changed. Furthermore, the Lexus is registered to Defendant's brother, although both he and his brother deny ownership in the vehicle.

After the Government put on its case, Defendant called his wife to the stand.

She testified that Defendant could live with her if released. She further stated that she would assist Defendant in filling out his financial statements, but that she did not yet feel comfortable revealing all of her financial information to Defendant.

## RECOMMENDATION

The Court finds that Defendant has violated the terms of his Supervised Release. Based upon these violations, the Court recommends that Defendant's Supervised Release be modified as follows:

> Defendant shall reside in a community confinement center, halfway house, or other similar facility for a period of 180 days, to commence upon determination of the U.S. Probation Office, and shall observe the rules of that facility.

All other conditions of Defendant's Supervised Release shall remain in effect.

At the hearing, the Court ordered Defendant detained until he submitted all financial information requested by the probation officer. The Court has been informed that Defendant has complied, and the Court has therefore ordered Defendant released from custody until he can be placed in a community confinement center.

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations

and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 15th day of August, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE